```
            IN THE UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION

BETH A. GYLYS,                    *
                                  *
      Plaintiff,                  *
                                  *
v.                                *    CIVIL ACTION NO.
                                  *
BOARD OF REGENTS OF THE           *
UNIVERSITY SYSTEM OF GEORGIA,     *
                                  *
      Defendant.                  *
```

**COMPLAINT**

Comes Now, Beth A. Gylys, and files her Complaint against the above-named Defendant on the following grounds:

**INTRODUCTION**

1.

This is an action for violations of the Equal Pay Act ("EPA"), codified at 29 U.S.C. § 206(d) et seq. ("EPA").

**JURISDICTION**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.

Defendant Board of Regents of the University System of Georgia ("Regents") is an agency of the State of Georgia created pursuant to Art. 8, § 4, ¶ 1 of the Constitution of the State of Georgia with the exclusive authority to create, operate, and govern

colleges and universities in the State of Georgia, including Georgia State University ("GSU").

4.

Defendant resides within the State of Georgia.

5.

This Court has personal jurisdiction over Defendant.

6.

Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

7.

Defendant is subject to the jurisdiction of this Court.

**VENUE**

8.

Defendant resides within the Atlanta Division of the Northern District of Georgia.

9.

All actions alleged herein occurred within the Atlanta Division of the Northern District of Georgia.

10.

Venue in the Atlanta Division of the Northern District of Georgia is proper for Defendant under 28 U.S.C. § 1391(b) & (c).

**THE PARTIES**

11.

The Plaintiff is a female who resides in DeKalb County, Georgia.

12.

Defendant is an agency of the State of Georgia and is subject to the jurisdiction of this Court.

13.

Defendant may be served with summons and process by service upon its Acting Chancellor, Teresa MacCartney, at 270 Washington Street, S.W., Suite 7025, Fulton County, Atlanta, Georgia 30334.

**FACTS**

14.

Defendant operates twenty-six (26) higher education institutions, including four research universities, four comprehensive universities, nine state universities, and nine state colleges, including GSU.

15.

In August of 2000, the Plaintiff was hired by Defendant as an Assistant Professor in the English Department in the College of Arts and Sciences at GSU.

16.

In August of 2004, the Plaintiff was promoted by Defendant to the position of Associate Professor in the English Department in the College of Arts and Sciences at GSU.

17.

In August of 2010, the Plaintiff was promoted by Defendant to the position of Full Professor in the English Department in the College of Arts and Sciences at GSU.

18.

Since August of 2010 to the present, the Plaintiff has continued in the position of Full Professor in the English Department in the College of Arts and Sciences at GSU.

19.

Throughout her employment to the present, she has performed in an exemplary manner.

20.

Since August of 2010 to the present, she has performed duties similar to those performed by male Full Professors with similar experience and qualifications.

21.

Since August of 2010 to the present, she has been paid substantially less than male Full Professors performing similar duties to the duties performed by the Plaintiff.

22.

Since approximately 2016, Defendant has engaged in studies finding that salaries of female employees are compressed.

23.

On or about October 1, 2020, Defendant issued a report acknowledging that GSU was deficient in gender pay equity.

24.

During her employment, the Plaintiff has regularly requested and raised concerns regarding her pay based on the gender pay inequities.

25.

Despite being aware of the gender pay inequities that the Plaintiff is suffering, Defendant has failed to take any actions to address the Plaintiff's gender pay inequity.

26.

The duties the Plaintiff performed as a Full Professor in the English Department since August of 2010 were similar to those performed by male Full Professors in the English Department with similar experience and qualifications.

27.

Since August of 2010, the Plaintiff has been paid substantially less than male Full Professors in the English Department performing similar duties to the duties performed by the Plaintiff.

28.

Since August of 2010, Josh Russell, has been a Full Professor in the English Department in the College of Arts and Sciences at GSU.

29.

In his position as Full Professor, Russell performs similar duties to the duties performed by the Plaintiff as a Full Professor.

30.

The Plaintiff's Full Professor position requires equal skill, effort, and responsibility as the position held by Russell.

31.

The Plaintiff possesses equal or higher qualifications than Russell for the position of Full Professor.

32.

The Plaintiff possesses equal or higher experience than Russell for the position of Full Professor.

33.

The Defendant has paid the Plaintiff less than Russell for performing similar duties to the duties performed by the Plaintiff.

34.

Since August of 2010, David Bottoms has been a Full Professor in the English Department in the College of Arts and Sciences at GSU.

35.

In his position as Full Professor, Bottoms performs similar duties to the duties performed by the Plaintiff as a Full Professor.

36.

The Plaintiff's Full Professor position requires equal skill, effort, and responsibility as the position held by Bottoms.

37.

The Plaintiff possesses equal qualifications than Bottoms for the position of Full Professor.

38.

The Plaintiff possesses equal experience than Bottoms for the position of Full Professor.

39.

The Defendant has paid the Plaintiff less than Bottoms for performing similar duties to the duties performed by the Plaintiff.

40.

Since August of 2010, male Full Professors in the English Department have performed similar duties to the duties performed by the Plaintiff as a Full Professor.

41.

The Plaintiff's Full Professor position requires equal skill, effort, and responsibility as the position held by male Full Professors in the English Department.

42.

The Plaintiff possesses equal or higher qualifications than male Full Professors in the English Department.

43.

The Plaintiff possesses equal or higher experience than male Full Professors in the English Department.

44.

The Defendant has paid the Plaintiff less than male Full Professors in the English Department for performing similar duties to the duties performed by the Plaintiff.

45.

Defendant has engaged in violations of the EPA.

**COUNT ONE:   EQUAL PAY ACT**

46.

Plaintiff incorporates herein paragraphs 1 through 45 of her Complaint.

47.

Since August of 2010 to the present, the Plaintiff has performed job duties that require equal skill, effort, and responsibility, and which are performed under similar working conditions as the job duties performed by male Full Professors in the English Department.

48.

Since August of 2010 to the present, the Plaintiff has been paid at a lower salary than male employee(s) performing similar duties under similar working conditions.

49.

Defendant's action in paying employees of the opposite sex different wages for jobs requiring equal skill, effort, and responsibility violates the EPA.

50.

Defendant has not acted in good faith and on reasonable grounds for believing that its actions and/or omissions were not a violation of the EPA, as defined by 29 U.S.C. § 260.

51.

The Plaintiff is entitled to damages pursuant to the EPA, including liquidated damages pursuant to 29 U.S.C § 260.

**PRAYER FOR RELIEF**

52.

Wherefore, Plaintiff prays for a judgment as follows:

1. That the Court order Defendant to increase her salary;

2. That the Court grant full front pay to the Plaintiff;

3. That the Court grant full back pay to the Plaintiff;

4. That the Court grant Plaintiff all employment benefits she would have enjoyed had she not been discriminated against;

5. That the Court grant Plaintiff liquidated damages and interest under the EPA;

6. That the Court grant Plaintiff expenses of litigation, including reasonable attorneys' fees, pursuant to the EPA;

7. That the Court grant Plaintiff a jury trial;

8. That the Court grant Plaintiff all other relief the Court deems just and proper; and

9. That the Court grant temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct.

Respectfully submitted this 3rd day of January 2022.

                          **THE REDDY LAW FIRM, P.C.**

                          s/K. Prabhaker Reddy
                          K. PRABHAKER REDDY
                          Attorney at Law
                          Georgia Bar No. 597320
                          1325 Satellite Boulevard
                          Suite 1506
                          Suwanee, Georgia 30024
                          Telephone: (678) 629-3246
                          Facsimile: (678) 629-3247
                          Email: kpr@reddylaw.net